### In re MICHAEL F.

### No. 95–122–Appeal.

Supreme Court of Rhode Island.

Oct. 26, 1995.

---

Anthony E. Angeli, Jr. (DCYF), Providence, Frank P. Iacono, Jr. (CASA), East Greenwich, for Plaintiff.

Steven Asprinio, Warwick, Janice Weisfeld, Assistant Public Defender, Paula Rosin, Assistant Public Defender, for Defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on October 5, 1995, pursuant to an order directing the respondent parents to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the father of the child has appealed from an order of the Family Court terminating his parental rights. The mother has not filed a notice of appeal but ultimately filed a petition for the issuance of a writ of certiorari. The court has not yet acted on her petition.[1] After hearing oral argument and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that the issues should be summarily decided.

▉ Michael, now aged five, was born cocaine dependent and was immediately placed in the custody of the Department of Children, Youth and Families (DCYF). The mother admitted neglect based on her abuse of drugs and alcohol during pregnancy. She was ordered to attend a residential drug-treatment program. The father later admitted to neglect of Michael, who has remained in foster care since he was five days old.

In its efforts to reunify Michael with his parents, DCYF developed eight case plans, none of which were ever completed by respondents. The father admitted to a case worker that he had been arrested on numerous occasions for domestic violence and alcohol-related incidents. The mother resisted court-ordered residential drug-treatment programs and domestic-abuse counseling. Instead, she elected to undertake outpatient treatment programs, which were seldom completed. The father failed to address his alcohol and domestic-violence problems and continued to abuse the mother. The mother went to the Women's Resource Center in her area approximately fifteen times due to the husband's abuse. The father admitted to the court that he did not attend many of the services ordered by Family Court or requested by DCYF. Both parents were referred to a clinical psychologist for parent-child evaluations and counseling. Their attendance was intermittent, and they terminated their counseling before completion. Visits with Michael over this period were sporadic due to one or both parents canceling or failing to appear.

The parents claim to have been drug, alcohol and violence free for a year or more prior to the termination hearing. The trial judge, however, stated that in the absence of any record that they have completed any program ordered wherein they could learn ways to avoid their recurring problems, he has no confidence that these changes are permanent.

▉ The court is of the opinion that DCYF proved by clear and convincing evidence that respondents are unfit to parent Michael, who has been in the care of a foster family since he was five days old. Once unfitness is determined, then all other considerations are secondary to the best interests of the child. *In re Kristina L.*, 520 A.2d

---

1. In May of 1990, both parents admitted to neglecting their two older children. These children are now placed, by order of the Family Court, under the legal guardianship of their paternal great-grandmother. The respondents also have a fourth child, born in October 1992. That child has never been subject to DCYF involvement.

574, 580 (R.I.1987). The record establishes that respondents failed to address their problems as parents. In doing so, they frustrated DCYF's efforts at reunification. The respondents' unwillingness to accept help clearly places Michael at risk of emotional and physical harm. When the welfare of a child is concerned, the department and the court have the duty to request compliance with services offered and the completion of programs to be certain that respondents have, in fact, addressed their problems.

The findings of the trial justice were fully supported by the evidence presented. As such, they will not be disturbed on appeal. *In re Michael T.,* 633 A.2d 265, 265 (R.I. 1993); *In re Kenneth,* 439 A.2d 1366, 1369 (R.I.1982).

For these reasons the father's appeal is denied and dismissed, and the order appealed from is affirmed. The mother's petition for a writ of certiorari is denied, and the papers of the case are to be remanded to the Family Court.