**In re NIKKIA N. et al.**

No. 95–148–Appeal.

Supreme Court of Rhode Island.

Oct. 26, 1995.

Anthony E. Angeli, Jr. (DCYF), Providence, Frank P. Iacono, Jr. (CASA), East Greenwich, for Plaintiff.

Richard Casparian, Public Defender, Janice Weisfeld, Assistant Public Defender, for Defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on October 5, 1995, pursuant to an order directing the respondent mother to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the mother appeals from a termination of her parental rights to four of her children. The fifth and youngest child was not subject to the petition to terminate. At oral argument counsel informed the court that the fifth child has been removed from the home. After hearing oral argument and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that the issues should be summarily decided.

Evidence was presented to support the allegations of the Department of Children, Youth and Families (DCYF) that the mother was unfit because of excessive drug and alcohol use that made her incapable of or unwilling to care for her children properly. Several DCYF social workers testified to the mother's failure to cooperate with recommended treatment and case plans. She failed to complete all but one of numerous recommended residential programs. After the mother completed this last program in August of 1994, she was referred to Talbot's

Day Program. On admission to the day program the mother indicated that she had last used cocaine on June 1, 1994. By the time of discharge in September of 1994, the mother's condition had worsened. She had not obtained any of her treatment goals, and was discharged for noncompliance, attending only five of twenty-two sessions. At the time of the hearing the mother claimed that she had been drug free for several months. However, agency personnel could only verify her drug-free status for the one month preceding the hearing.

The trial justice concluded that DCYF had made reasonable efforts to reunify the children and their mother and that the youngest child,[1] who was two years old at the time of trial, had been in DCYF care since birth and was in need of a permanent home. The trial justice stated that "this mother, at least until recently, has not been able to get a hold of herself to the point where she could put the interests of her children above her own needs for alcohol and substance." She found that all the children had a right to permanency that the mother could not provide. The trial justice concluded that the mother was an unfit parent to her children and terminated her rights.

Upon reviewing cases involving termination of parental rights, this court must examine the record to determine whether there is legally competent evidence to support the trial justice's findings. *In re Crystal A.*, 476 A.2d 1030, 1033 (R.I.1984). The findings of a trial justice sitting without a jury are entitled to great weight and will not be reversed on appeal unless the trial justice misconceived or overlooked material evidence or the findings are clearly wrong. *In re Joseph*, 420 A.2d 85, 89 (R.I.1980).

The record shows that over a period of approximately three years this mother made little effort to comply with the tasks or utilize the services offered by DCYF. Thus, this court is of the opinion that the evidence supports the trial justice's findings and conclusions.

For these reasons the mother's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Family Court.

---

1. In September and November of 1992, DCYF filed involuntary termination of parental rights petitions regarding all four children. At that time, Nyeisha was the youngest child, born cocaine positive September 18, 1992. In October of 1993, a fifth child was born, Latisha, who is not subject to the petition to terminate.