In re KENYELL M. et al.

No. 95–292–Appeal.

Supreme Court of Rhode Island.

April 1, 1996.

Frank P. Iacono, Jr., Greenwich, Anthony E. Angeli, Jr., Providence, for Plaintiff.

Janice Weisfeld, Asst. Public Defender, Paula Rosin, Asst. Public Defender, for Defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court for oral argument pursuant to an order directing the respondent mother to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the mother appeals from a Family Court decree terminating her parental rights to the youngest two of her five children,[1] Kenyell and Kendall. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be summarily decided.

At trial evidence was presented to support the allegations of the Department of Children, Youth and Families (the department) that the mother was unfit by reason of excessive use of drugs to the extent that she was incapable of caring or unwilling to care for her children properly. Moreover, the mother has had the children in the care of the department for at least six months, and reunification with her children seems improbable in the foreseeable future because of conduct or conditions not likely to change.

Numerous social workers assigned to her case by the department testified to the mother's failure to cooperate with recommended drug-treatment programs, case plans, and Family Court orders. She failed to complete successfully all but one of numerous residential and out-patient drug-treatment programs. The single program that she did complete was a thirty-day detoxification program in January 1992. After the mother had completed that program, she continuously rejected her caseworker's numerous suggestions to enter into a residential drug-treatment program despite a June 1993 Family Court decree which ordered her to participate in such a program. In fact, at trial the mother freely admitted to her noncompliance with several drug treatment programs, in-

1. The mother's three older children have been     legally adopted by her parents.

cluding programs offered by MAP, St. Joseph Hospital, and Talbot's. In sum, any involvement the mother had in the recommended drug-treatment programs was short-lived and unfortunately had little long-term-success potential.

The trial justice found that the department had made extraordinary efforts to reunify the mother with Kenyell and Kendall. She noted that the mother, although loving and not abusive to her children, had a serious drug condition which she has been unable to control for fifteen years. She noted that both Kenyell and Kendall had tested positive for cocaine at the time of their births. The trial justice opined that the mother's drug problem had caused her to neglect her children. The trial justice noted that although the mother had been involved in numerous drug-treatment programs, with very few exceptions she has had no success and has shown consistent resistance to residential treatment until her trial on the department's petition to terminate her parental rights. Moreover, the trial justice observed that the mother's efforts have been too little to change the condition which brought the children into the department's care, namely, her drug dependency. The trial justice concluded that it was in the best interest of the children that the mother's parental rights be terminated and granted the department the exclusive right to place the children for adoption.

In an order entered on May 19, 1994, the trial justice entered a decree terminating the mother's parental rights from which the mother has filed the instant appeal.

On appeal the mother contends that the trial justice erred in terminating her parental rights. It is the mother's contention that the trial justice erroneously applied a presumption that because of her failure to completely cease using drugs, she was an unfit parent. She asserts that despite her inability to overcome her drug problem, there was no evidence that she abused or neglected her children. The mother argues that her drug dependency does not render her a neglectful or an unfit parent and that, therefore, her parental rights were improperly terminated.

■ Upon reviewing cases involving termination of parental rights, "this court must examine the record to determine whether there is legally competent evidence to support the trial justice's findings." *In re Nikkia N.*, 665 A.2d 879, 880 (R.I.1995). On appeal we shall not reverse the findings of a trial justice sitting without a jury unless the trial justice misconceived or overlooked material evidence or the findings are clearly wrong. *Id.*

■ This court is of the opinion that the department proved by clear and convincing evidence that the mother had neglected her children and was unfit to parent Kenyell and Kendall. The record amply supports the trial justice's decision to terminate the mother's parental rights to these children on the basis that the termination is in the best interests of the children. For more than three years the mother consistently failed to comply with the department's case plans to treat her drug dependency. Her lack of cooperation frustrated the department's efforts at reunification. Thus this court is of the opinion that the findings of the trial justice are fully supported by the record in this case and as such will not be disturbed on appeal. *In re Michael F.*, 665 A.2d 880, 882 (R.I.1995).

For these reasons the mother's appeal is denied and dismissed, the decree appealed from is affirmed, and the papers of the case are remanded to the Family Court.

SHEA, J., not participating.