**In re NADENE.**

No. 97–50–Appeal.

Supreme Court of Rhode Island.

Sept. 26, 1997.

Frank P. Iacono, Jr., E. Greenwich, Thomas J. Corrigan, Providence.

Catherine A. Gibran, Providence.

**ORDER**

This matter came before the Supreme Court on September 16, 1997, pursuant to an order directing all parties to appear and show cause why the issues raised by this appeal should not be summarily decided. After hearing oral argument and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and the issues should be summarily decided.

In this case, the respondent-mother appeals from a Family Court decree terminating her parental rights to her daughter, Na-

dene. Nadene was born on January 1, 1991. On March 26th of that year, the Department of Children, Youth, and Families (DCYF) filed a neglect petition regarding Nadene because she was in the hospital with severe diaper rash and poor weight gain. Three months later, Nadene's mother was imprisoned for armed robbery, and Nadene was placed in non-relative foster care.

Since that time, Nadene has remained in the same non-relative foster home. Nadene's special needs, due to poor eyesight and developmental impairment, are being met by the foster mother. Further, a bond has developed between Nadene and her foster mother, and the foster mother is desirous of adopting the child.

Meanwhile, Nadene's biological mother has returned to prison on three separate occasions for passing bad checks. During her latest incarceration, the mother escaped from her work release assignment. DCYF's many attempts to aid the mother have been met with inadequate cooperation. Finally, on May 24, 1994, DCYF filed a petition to terminate the mother's parental rights to Nadene. That petition was granted by the Family Court on August 14, 1996. The mother now appeals the Family Court's grant of that petition to terminate her parental rights to Nadene.

When reviewing the termination of parental rights, this Court shall examine the record to determine whether there is legally competent evidence to support the trial justice's findings. *In re Crystal A.,* 476 A.2d 1030, 1033 (R.I.1984). It is well settled that the findings of a trial justice sitting without a jury are entitled to great weight and will not be disturbed by this Court on appeal unless they are clearly wrong or the trial justice misconceived or overlooked material trial evidence. *In re Armand,* 433 A.2d 957, 962 (R.I.1981).

In this case, the trial justice carefully applied the pertinent statutory guidelines prescribed by G.L.1956 § 15–7–7(1)[1] and found

Nadene had been in the care of DCYF for a period exceeding twelve months and that the mother was unfit to care for Nadene due to her repeated incarceration. Further, due to her criminal recidivous nature, the trial justice found no credible evidence that the mother's conduct was likely to change in the foreseeable future.

After examining the record, this Court finds the trial justice's conclusions well supported by the evidence. Indeed, the mother was once imprisoned while awaiting the return home of her child from DCYF care. The trial justice aptly noted, "If the 'past is prologue to the future', all this child could look forward to would be a biological mother whom she could visit in prison." (Decision p. 5)

We conclude that the trial justice neither overlooked nor misconceived the material trial evidence bearing on the mother's fitness as a parent and that once having found her unfit[2], all other considerations become secondary to what the trial justice found to be necessary to the best interest of Nadene. *In re Michael F.,* 665 A.2d 880, 881 (R.I.1995); *In re David,* 427 A.2d 795, 801 (R.I.1981).

For these reasons, the appeal of the respondent-mother is denied and dismissed. The decree of termination appealed from is affirmed, and the case is remanded to the Family Court.

---

1. Amended by P.L.1994, ch. 194, and now designated as § 15–7–7(2)(i).

2. Nadene has four siblings who are not the subject of the instant appeal. These siblings are all under the legal guardianship of relatives in accordance with G.L.1956 § 40–11–12 and by consent of the mother.